1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  JEFFEREY OVERBECK,                      No.  2:14-cv-02645 CKD

12          Plaintiff,

13      v.                                  ORDER

14  NANCY A. BERRYHILL, Acting
    Commissioner of Social Security,
15
            Defendant.
16

17

18          Based on 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action seeks an

19  award of attorney fees in the amount of $12,385.50 for 31.45 hours of professional time devoted

20  to the representation of plaintiff before this court.  This amount contemplates no offset for fees

21  previously awarded under EAJA, as plaintiff did not seek EAJA fees in this case.  Defendant has

22  filed a response analyzing the request and determining that plaintiff's counsel's calculation

23  appears to be correct, though defendant takes no position on the reasonableness of the request.

24          42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

25              Whenever a court renders a judgment favorable to a claimant under
                this subchapter who was represented before the court by an
26              attorney, the court may determine and allow as part of its judgment
                a reasonable fee for such representation, not in excess of 25 percent
27              of the total of the past-due benefits to which the claimant is entitled
                by reason of such judgment.
28

                                              1

1   Rather than being paid by the government, fees under the Social Security Act are awarded out of

2   the claimant's disability benefits.  Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991),

3   receded from on other grounds, Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001).

4   However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also

5   must ensure that the requested fee is reasonable.  Gisbrecht v. Barnhart, 535 U.S. 789, 808-09

6   (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory

7   ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those

8   agreements.").  "Within the 25 percent boundary ... the attorney for the successful claimant must

9   show that the fee sought is reasonable for the services rendered."  Id. at 807.

10          Counsel seeks fees for 31.45 hours.  Based on the quality of counsel's representation and

11  the results achieved in this case, the undersigned finds the amount of hours expended to be

12  reasonable.  The hourly rate of $393.82 is also reasonable.  Accordingly, the undersigned will

13  award the amount of attorney fees requested.

14          Accordingly, IT IS HEREBY ORDERED that:

15          1.  Plaintiff's motion for attorney fees (ECF No. 22) is granted; and

16          2.  Plaintiff's counsel is awarded $12,385.50 in attorney fees pursuant to 28 U.S.C. § 406.

17  Dated:  December 8, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

23  2/overbeck2645.fee-406(a)

2